Case 1:07-cv-10217-WGY Document 11 Filed 06/29/07 Page 1 of 10

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CHAIRMAN:
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

MEMBERS:
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

DIRECT REPLY TO:

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov

June 28, 2007

Sarah Thornton, Clerk
Clerk's Office - Attn: Sherry Jones
U.S. District Court
595 Main Street
Worcester, MA 01608

Re: MDL-1838 -- In re The TJX Companies, Inc., Customer Data Security Breach Litigation

(See Attached Order)

Dear Ms. Thornton:

I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in the above-captioned matter. The order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A copy of Rule 1.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001), which deals specifically with the transfer of files, is enclosed for your convenience. Also enclosed are a complete set of the Panel Rules and a copy of Chapter 7 of Volume 4 of the Clerks Manual, United States District Courts.

The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference. Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated. We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

- 2 -

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

For your information, I am enclosing a copy of the Panel Attorney Service List.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By Denise Morgan-Stone
Deputy Clerk

Enclosures

cc w/all enclosures (Chapter 7 of Volume 4 of the Clerks Manual, U.S. District Courts, Rule 1.6, R.P.J.P.M.L., transfer order, Panel Attorney Service List, and complete Panel Rules):

|  | Transferee Judge: | Judge William G. Young |
| --- | --- | --- |
| cc w/order only: | Transferee Chief Judge: | Judge Mark L. Wolf |

cc w/order and Rule 1.6, R.P.J.P.M.L.:

|  | Transferor Clerks: | Frances Rios de Moran<br>Perry D. Mathis |
| --- | --- | --- |
|  | Transferor Judges: | Judge Francisco A. Besosa<br>Judge R. David Proctor |

JPML Form 33

A CERTIFIED TRUE COPY

JUN 2 8 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 8 2007

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1838*

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE THE TJX COMPANIES, INC., CUSTOMER DATA SECURITY BREACH LITIGATION*

> *Jo Wood, et al. v. TJX, Inc., et al.*, N.D. Alabama, C.A. No. 2:07-147
> *In re TJX Companies Retail Security Breach Litigation*, D. Massachusetts, C.A. No. 1:07-10162
> *AmeriFirst Bank v. The TJX Companies, Inc., et al.*, D. Massachusetts, C.A. No. 1:07-10169
> *Julie Buckley, et al. v. The TJX Companies, Inc.*, D. Massachusetts, C.A. No. 1:07-10209
> *Thomas J. Gaydos v. The TJX Companies, Inc., et al.*, D. Massachusetts, C.A. No. 1:07-10217
> *Patricia Miranda, et al. v. TJX, Inc., et al.*, D. Puerto Rico, C.A. No. 3:07-1075

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation currently consists of six actions, four actions in the District of Massachusetts and one action each in the Northern District of Alabama and the District of Puerto Rico. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in one Massachusetts action seeking coordinated or consolidated pretrial proceedings of these actions in the District of Massachusetts.[1] Defendants The TJX Companies, Inc. (TJX), Fifth Third Bancorp, and Fifth Third Bank do not oppose the motion. Responding plaintiffs in the actions now before the Panel agree that centralization is

---

* Judge Miller did not participate in the decision of this matter.

[1] An additional action – *Angie Lemley v. TJX, Inc., et al.*, C.D. California, C.A. No. 2:07-1017 – was included on the initial Section 1407 motion. The Panel has been notified that this action has been remanded to state court. Accordingly, the question of inclusion of this action in MDL-1838 proceedings is moot.

The Panel also has been notified that 21 potentially related actions have been filed as follows: six actions in the District of Massachusetts; three actions in the Central District of California; two actions in the Northern District of Illinois; and one action each in the Southern District of California, the Middle District of Florida, the Northern District of Florida, the Southern District of Georgia, the Eastern District of Louisiana, the Western District of Michigan, the Eastern District of Missouri, the Western District of Missouri, the Southern District of Ohio, and the Eastern District of Texas. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

appropriate in the District of Massachusetts, although plaintiff in the potentially related action pending in the Western District of Michigan suggests selection of the Western District of Michigan as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual allegations concerning an electronic intrusion into TJX's computer system. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

The Panel is persuaded that the District of Massachusetts is an appropriate transferee forum for this litigation, because (i) the consensus of the parties favors or does not oppose centralization there, (ii) many actions are already pending there, and (iii) TJX is headquartered in Massachusetts and documents and witnesses will likely be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable William G. Young for coordinated or consolidated pretrial proceedings with the actions pending there.

FOR THE PANEL:

*Wm. Terrell Hodges*

Wm. Terrell Hodges
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 28 2007

FILED
CLERK'S OFFICE

## *RELEASED FOR PUBLICATION*

## *DOCKET NO. 1838*

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE THE TJX COMPANIES, INC., CUSTOMER DATA SECURITY BREACH LITIGATION*

*Jo Wood, et al. v. TJX, Inc., et al.*, N.D. Alabama, C.A. No. 2:07-147
*In re TJX Companies Retail Security Breach Litigation*, D. Massachusetts, C.A. No. 1:07-10162
*AmeriFirst Bank v. The TJX Companies, Inc., et al.*, D. Massachusetts, C.A. No. 1:07-10169
*Julie Buckley, et al. v. The TJX Companies, Inc.*, D. Massachusetts, C.A. No. 1:07-10209
*Thomas J. Gaydos v. The TJX Companies, Inc., et al.*, D. Massachusetts, C.A. No. 1:07-10217
*Patricia Miranda, et al. v. TJX, Inc., et al.*, D. Puerto Rico, C.A. No. 3:07-1075

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,\* KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation currently consists of six actions, four actions in the District of Massachusetts and one action each in the Northern District of Alabama and the District of Puerto Rico. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in one Massachusetts action seeking coordinated or consolidated pretrial proceedings of these actions in the District of Massachusetts.[1] Defendants The TJX Companies, Inc. (TJX), Fifth Third Bancorp, and Fifth Third Bank do not oppose the motion. Responding plaintiffs in the actions now before the Panel agree that centralization is

---

\* Judge Miller did not participate in the decision of this matter.

[1] An additional action – *Angie Lemley v. TJX, Inc., et al.*, C.D. California, C.A. No. 2:07-1017 – was included on the initial Section 1407 motion. The Panel has been notified that this action has been remanded to state court. Accordingly, the question of inclusion of this action in MDL-1838 proceedings is moot.

The Panel also has been notified that 21 potentially related actions have been filed as follows: six actions in the District of Massachusetts; three actions in the Central District of California; two actions in the Northern District of Illinois; and one action each in the Southern District of California, the Middle District of Florida, the Northern District of Florida, the Southern District of Georgia, the Eastern District of Louisiana, the Western District of Michigan, the Eastern District of Missouri, the Western District of Missouri, the Southern District of Ohio, and the Eastern District of Texas. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

appropriate in the District of Massachusetts, although plaintiff in the potentially related action pending in the Western District of Michigan suggests selection of the Western District of Michigan as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual allegations concerning an electronic intrusion into TJX's computer system. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

The Panel is persuaded that the District of Massachusetts is an appropriate transferee forum for this litigation, because (i) the consensus of the parties favors or does not oppose centralization there, (ii) many actions are already pending there, and (iii) TJX is headquartered in Massachusetts and documents and witnesses will likely be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable William G. Young for coordinated or consolidated pretrial proceedings with the actions pending there.

FOR THE PANEL:

*Wm. Terrell Hodges*

Wm. Terrell Hodges
Chairman

## Judicial Panel on Multidistrict Litigation - Panel Attorney Service List
### for
## MDL 1838 - In re The TJX Companies, Inc., Customer Data Security Breach Litigation

*** Report Key and Title Page ***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be
represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**
* Signifies that an appearance was made on behalf of the party by the representing attorney.
# Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**
Docket: 1838 - The TJX Companies, Inc., Customer Data Security Breach
For Open Cases

Docket: 1838 - In re The TJX Companies, Inc., Customer Data Security Breach Litigation

Status: Transferred on 06/28/2007

Transferee District: MA    Judge: Young, William G.                                    Printed on 06/28/2007

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

Disporto, Danielle
Wolf Popper, LLP
845 Third Avenue
New York, NY 10022

=> Phone: (212) 451-9616 Fax: (212) 486-2093
Buckley, Julie*; Myck-Rawson, Kimberly*; Parment, Jitka*; Rosenfeld, Rachel*

Fish, Jr., William S.
Tyler, Cooper & Alcorn
CityPlace I, 35th Floor
185 Asylum Street
Hartford, CT 06103-3488

=> Phone: (860) 725-6200 Fax: (860) 278-3802
Collinsville Savings Society*; Connecticut Bankers Association*; Eagle Bank*; Maine Association of
Community Banks*; Massachusetts Bankers Association*; Saugusbank*

Fritz, Kristen Marquis
Thornton & Naumes, L.L.P.
100 Summer Street
30th Floor
Boston, MA 02110

=> Phone: (617) 720-1333 Fax: (617) 720-2445
Arians, Traci; McMorris, Leah; Pignone, Wendy L.

Quetglas-Jordan, Eric M.
Queglas Law Offices
P.O. Box 16606
San Juan, PR 00908-6606

=> Phone: (787) 722-0635 Fax: (787) 725-3970
Farley, Mary Robb*; Jenkins, Marcela*; Miranda, Patricia*

Roueo, Richard P.
Whatley, Drake & Kallas, LLC
2323 2nd Avenue, North
P.O. Box 10647
Birmingham, AL 35203-0647

=> Phone: (205) 328-9576 Fax: (205) 328-9669
Amerifirst Bank*

Savett, Sherrie R.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

=> Phone: (215) 875-3071 Fax: (215) 875-5715
ACohen Marketing & Public Relations, LLC; Fuller, Sandra; Gaydos, Thomas J.*; Lerner, Laura; Mace,
Paula G.*

Shapiro, Jonathan
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street
Suite 500
Boston, MA 02114-2022

=> Phone: (617) 742-5800 Fax: (617) 742-5858
Cohen, Anne; Fuller, Gary; Mann, Robert; Parrish, Mark

Shapiro, Thomas G.
Shapiro, Haber & Urmy, LLP
53 State Street
Boston, MA 02109

=> Phone: (617) 439-3939 Fax: (617) 439-0134 Email: tshapiro@shulaw.com
Ahearn, Robert; Rivas, Wendy; Rosenfeld, Rachel*

Sobol, Thomas M.
Hagens Berman Sobol Shapiro, LLP
One Main Street
4th Floor

=> Phone: (617) 482-3700 Fax: (617) 482-3003
Crew, Marylin; Grisham, Vicky; Mascolo-Brown, Christy; Peavy, Michelle

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
| --- | --- |

Cambridge, MA 02142

Solnit, Benjamin A.
Tyler, Cooper & Alcorn
205 Church Street
P.O Box 1936
New Haven, CT 06509

=> **Phone: (203) 784-8200**
Non-Party Bankers Massachusetts Association

Weigel, W. Breck
Vorys, Sater, Seymour & Pease, LLP
221 East Fourth Street
Suite 2000
Cincinnati, OH 45202

=> **Phone: (513) 723-4078  Fax: (513) 852-8448**
Fifth Third Bancorp*; Fifth Third Bank*

Wolkoff, Harvey J.
Ropes & Gray, LLP
One International Place
Boston, MA 02110-2624

=> **Phone: (617) 951-7522  Fax: (617) 235-0224**
TJ Maxx*; TJX Companies, Inc. (The)*; TJX, Inc.*

Wood, Jr.,, Edward Kirskey
Law Offices of Edward Kirk Wood
P.O. Box 382434
Birmingham, AL 35238

=> **Phone: (205) 612-0243  Fax: (205) 324-4649**
Willoughby, Katie*; Wood, Jo*

Case 1:07-cv-10217-WGY   Document 11   Filed 06/29/07   Page 10 of 10

## RULE 1.6:   TRANSFER OF FILES

(a)    Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action.

(b)    If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. § 1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. § 1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

(c)    If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

(d)    Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and send to the clerk of the transferor district court the following:

   (i)    a certified copy of the individual docket sheet for each action being remanded;
   (ii)    a certified copy of the master docket sheet, if applicable;
   (iii)    the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;
   (iv)    a certified copy of the final pretrial order, if applicable; and
   (v)    a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have been stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall be the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

(e)    The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.